Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002371186
Filing Date: 05/13/2015 11:13:18 AM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation, CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, and FREMONT HEALTH, a Nebraska county hospital, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| STATE LAW ENFORCEMENT BARGAINING COUNCIL EMPLOYEE HEALTH AND DENTAL BENEFIT PLAN, AMERICAN GAMES INC. EMPLOYEE BENEFIT PLAN, GOODRICH DAIRY INC. MEDICAL BENEFIT PLAN, RHODEN AUTO CENTER INC. HEALTH CARE PLAN, THERMO KING CHRISTENSEN EMPLOYEE MEDICAL PLAN, THE BENEFIT GROUP, INC., a Nebraska corporation, and ADVANCED MEDICAL PRICING SOLUTIONS, INC., a foreign corporation, | |
| Defendants. | |

Plaintiffs, The Nebraska Methodist Hospital, a Nebraska non-profit corporation ("NMH"), Jennie Edmundson Memorial Hospital, an Iowa non-profit corporation ("JEMH"), Mary Lanning Memorial Hospital Association, a Nebraska non-profit corporation ("MLMH"), North Platte, Nebraska Hospital Corporation d/b/a Great Plains

**EXHIBIT A**

Health, a Nebraska non-profit corporation ("GPH"), Chase County Community Hospital, a Nebraska county hospital, ("CCCH") and Fremont Health, a Nebraska county hospital ("FH") (collectively "Hospitals"), for their causes of action against the defendants, State Law Enforcement Bargaining Council Employee Health and Dental Benefit Plan ("SLEBC"), American Games Inc. Employee Benefit Plan ("American Games"), Goodrich Dairy Inc. Medical Benefit Plan ("Goodrich"), Rhoden Auto Center Inc. Health Care Plan ("Rhoden"), Thermo King Christensen Employee Medical Plan ("Thermo") (collectively the "Benefit Plans"), The Benefit Group, Inc., a Nebraska Corporation ("TBG") and Advanced Medical Pricing Solutions, Inc. ("AMPS"), a foreign corporation, states and alleges as follows:

1.     This action arises from the Benefit Plans' failure to pay for charges incurred by their participants for goods and services rendered by the Hospitals at rates contractually agreed in advance through the parties' participation in a preferred provider organization known as Midlands Choice, Inc., a Nebraska corporation with its principal place of business in Douglas County, Nebraska (the "Midlands Choice PPO Network"). The failure of the Benefit Plans to honor their obligations was induced by TBG and AMPS, administrators and consultants to the Benefit Plans, and agents of the Benefit Plans, who though aware of the obligations of both the Benefit Plans and the Hospitals in the Midlands Choice PPO network, initiated and caused the Benefit Plans' failure to pay at contracted rates.

2.     NMH is an affiliate of Nebraska Methodist Health System, and operates acute care hospitals in Douglas County, Nebraska, known as Nebraska Methodist Hospital and Methodist Women's Hospital.  JEMH is an affiliate of Nebraska Methodist

2

Health System, and operates an acute care hospital in Council Bluffs, Iowa. MLMH operates an acute care hospital in Hastings, Nebraska. GPH operates an acute care hospital in North Platte, Nebraska. CCCH operates an acute care hospital in Imperial, Nebraska. Fremont Health operates an acute care hospital in Fremont, Nebraska.

3.     Hospitals are contracted providers in the Midlands Choice PPO Network. Each hospital has executed a contract with Midlands Choice (the "Provider Agreements") which provide that the hospital will accept an agreed percentage reduction from billed charges as payment in full for goods and services rendered to patients whose health benefit plan is a participant in the Midlands Choice PPO Network.

4.     The Benefits Plans are each an employee welfare benefit plan providing health benefits to their respective participants and beneficiaries, and which each do business in connection with those health benefits in Douglas County, Nebraska. The Benefit Plans are each participants in the Midlands Choice PPO Network. Each Benefit Plan has executed a contract with Midlands Choice (the "Group Agreements") which provides that the benefit plan will pay for goods and services rendered to plan participants by health care providers who are also participants in the Midlands Choice PPO Network, including the Hospitals, at the contractually agreed rate set forth in the Provider Agreements.

5.     TBG is a Nebraska corporation doing business in Douglas County, Nebraska, has been engaged by each Benefit Plan as the third party administrator of the Benefit Plan, and in that role processes claims for payment on behalf of the Benefit Plans. At all relevant times, TBG acted as an agent of each Benefit Plan, had knowledge of the Benefit Plans' participation in the Midlands Choice PPO Network, and

3

had knowledge of the terms and conditions of the Provider Agreements and the Group Agreements regarding the payment of benefits at discounted rates.

6.      AMPS has been engaged by TBG and/or by the Benefit Plans to provide "cost management services" within the State of Nebraska, and in that role assists in the processing of claims for payment by the Benefit Plans in Nebraska. At all relevant times, AMPS acted as an agent of each Benefit Plan and/or of TBG, had knowledge of the Benefit Plans' participation in the Midlands Choice PPO Network, and had knowledge of the terms and conditions of the Provider Agreements and the Group Agreements regarding the payment of benefits at discounted rates.

7.      Venue is appropriate in this Court pursuant to Neb. Rev. Stat. § 25-403.01, as the transaction or some part of the transaction out of which the causes of action arose occurred in Douglas County, Nebraska.

8.      In 42 instances occurring on and after July 8, 2012, certain patients whose health benefits were provided by the Benefit Plans received goods and service from the Hospitals. In each case, the patient represented to the Hospital on admission that the patient's health benefits were provided through a benefit plan participating in the Midlands Choice PPO Network. In each case, the Hospitals submitted claims for the goods and services they provided in the ordinary course of business through Midlands Choice, which claims were repriced by Midlands Choice in accordance with the Provider Agreements and the Group Agreements to apply the appropriate negotiated contractual percentage discount, and then forwarded to the Benefit Plans or their agents for payment. In each case, TBG and AMPS, on behalf of the Benefit Plans, failed to initiate payment of the claim at the contracted rate, but instead initiated and caused payment at

4

an amount materially less than the contracted rate.

9.     The Hospitals contacted TBG to dispute the payments, and were advised that a Massachusetts lawyer, Adam Russo, represented the Benefit Plans in connection with 25 of those claims, which claims were identified on a spreadsheet prepared by Russo and later provided to the Hospitals, a true and correct copy of which (redacted to delete patient names) is attached and incorporated by reference as Exhibit A. Further information was exchanged between Russo and the Hospitals, and the Hospitals made a demand for payment of claim numbers 1 through 25 at the Midlands Choice contracted rate. Russo responded with a settlement offer in an amount less than the contracted rate. The Hospitals declined the offer, and advised Russo that absent payment at the Midlands Choice contracted rate, the Hospitals would initiate legal action against the Benefit Plans, TBG and AMPS.

10.    On Tuesday, March 3, 2015, Russo responded to the Hospitals' demand on behalf of the Benefit Plans, advising that the Benefits Plans agreed to pay the claims identified above as numbers 1 through 25 at the Midlands Choice contracted rate for each Hospital, in order to avoid litigation and resolve the dispute. The agreement was confirmed in subsequent emails between counsel on behalf of the parties. In particular, on March 5, 2015, referencing the spreadsheet listing claims 1 through 25 that Russo had prepared, Russo's office confirmed in writing that the Benefit Plans "have agreed to begin processing payment for the files we have made agreements on." Further, Russo asked for and received a concession that one of the Benefit Plans, Thermo, would make its payment in three consecutive equal monthly installments.

11.    At or near the time of the settlement agreement, Russo indicated that he

5

did not represent the Benefit Plans with respect to any benefit claims other than claims 1 through 25 on Exhibit A, and advised the Hospitals to direct their demands regarding the additional benefit claims at issue to TBG directly.   Those additional claims are identified (with patient information redacted) on the spreadsheet attached and incorporated by reference as Exhibit B.

12.   While waiting for the agreed payments to be made on claims 1 through 25, the Hospitals were subsequently advised that the Benefits Plans had terminated their engagement of Russo and instead hired substitute counsel from Atlanta.   Thereafter, the Benefit Plans' Atlanta counsel was provided with documents confirming the settlement agreement that had been reached concerning claims 1 through 25.   Atlanta counsel later advised the Hospitals that the Benefit Plans had changed their position and would not be making payment at the Midlands Choice contracted rate for claims 1 through 25, as previously agreed and as set forth on Exhibit A.

### FIRST CAUSE OF ACTION
#### (Breach of Contract – Settlement Agreement)
#### (Benefit Plan Defendants)

13.   Hospitals restate their prior allegations as if set forth here.

14.   The Hospitals and the Benefit Plans entered into a binding settlement agreement for resolution of claims 1 through 25, providing for payment of each claim at the Midlands Choice contracted rate, on the terms described above and in Exhibit A.

15.   The Benefit Plans breached the settlement agreement by failing and refusing to pay as agreed.

16.   The breach was a proximate cause of damage to the Hospitals in the combined sum of $181,832.23, payable by each Benefit Plan to each Hospital in

6

accordance with the information contained in Exhibit A.

## SECOND CAUSE OF ACTION
### (Breach of Contract – PPO Contract)
### (Benefit Plan Defendants)

17.    The Hospitals restate their prior allegations as if set forth here.

18.    The Provider Agreements and the Group Agreements are contracts that were executed in reference to and as part of the same transaction, and should be considered and construed together as a single obligation (the "PPO Contract").  The Hospitals are entitled to maintain suit for the Benefit Plans' breach of the PPO Contract.

19.    The Benefit Plans breached the PPO Contract by their failure to pay the claims identified in Exhibit A and Exhibit B at the Midlands Choice contracted rate.

20.    The breach was a proximate cause of damage to the Hospitals in the combined sum of not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

## THIRD CAUSE OF ACTION
### (Breach of Contract – Group Agreements)
### (Benefit Plan Defendants)

21.    The Hospitals restate their prior allegations as if set forth here.

22.    In the alternative, the Hospitals are each an intended third party beneficiary of the Group Agreements between the Benefit Plans and Midlands Choice. The Hospitals, as third party beneficiaries, are entitled to maintain suit for the Benefit Plans' breach of their respective Group Agreement.

23.    The Benefit Plans breached their respective Group Agreement by failing to pay the claims identified in Exhibit A and Exhibit B at the Midlands Choice contracted

7

rate.

24.     The breach was a proximate cause of damage to the Hospitals in the combined sum of not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**(Benefit Plan Defendants)**

25.     The Hospitals restate their prior allegations as if set forth here.

26.     In the alternative, the Benefit Plans have been unjustly enriched through their failure to pay the Hospitals at the Midlands Choice contracted rate.

27.     The Benefit Plans have retained possession of funds that, in justice and fairness, ought to be paid to the Hospitals, in an amount not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

**FIFTH CAUSE OF ACTION**
**(Tortious Interference with Business Relationship and Expectancy)**
**(TBG and AMPS)**

28.     The Hospitals restate their prior allegations as if set forth here.

29.     The Hospitals had a valid existing business relationship and expectancy with Midlands Choice, through the Provider Agreements and the Hospital's participation in the Midlands Choice PPO Network, including an expectation of receiving their respective Midlands Choice contracted rate for goods and services provided to Benefit Plan participants.

30.     TBG and AMPS were each aware of the business relationship and

expectancy.

31.    The acts of TBG and AMPS described above, including without limitation inducing the Benefit Plans to initiate benefit payments to the Hospitals in an amount less than the Midlands Choice contracted rate, constituted unjustified, intentional interference with that relationship and expectancy.

32.    Defendants' acts were the proximate cause of harm and damage to the Hospitals in an amount not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

**SIXTH CAUSE OF ACTION**
**(Civil Conspiracy)**
**(All Defendants)**

33.    The Hospitals restate their prior allegations as if set forth here.

34.    The Defendants combined to accomplish by concerted action an unlawful or oppressive object, in particular, an unlawful and tortious interference with the Hospital's Provider Agreements and the Hospital's legitimate expectancy arising from participation in the Midlands Choice PPO Network.

35.    The Defendants each committed at least one overt act in furtherance of the conspiracy, including without limitation by their participation in initiating benefit payments to the Hospitals in an amount less than the Midlands Choice contracted rate.

36.    Defendants' acts were the proximate cause of harm and damage to the Hospitals in an amount not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

9

## SEVENTH CAUSE OF ACTION
### (Declaratory Judgment)
### (All Defendants)

37.     The Hospitals restate their prior allegations as if set forth here.

38.     There exists a current, ripe and active dispute between the parties regarding the contractual obligations of the Benefit Plans, together with their administrators and consultants, to pay for goods and service at the Midlands Choice contracted rate.

39.     The Hospitals are entities whose rights are affected by the dispute, and who require a declaration of the parties respective rights, status and legal relations under the Provider Agreements and the Group Agreements, in particular, whether the Benefit Plans are obligated to pay for goods and services at the Midlands Choice contracted rate.

40.     A declaration of the parties' rights would terminate existing uncertainty and controversy.

41.     The Hospitals therefore seek, and hereby requests in accordance with Neb. Rev. Stat. § 25-21,149 through 21,151, an order declaring that Benefit Plans, together with their administrators and consultants, are obligated to pay for goods and services received by their participants and beneficiaries at the Midlands Choice contracted rate for each respective Hospital.

WHEREFORE, the Hospitals respectfully request judgment against the Defendants, jointly and severally, in an amount not less than $409,316.27, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B, an order declaring

that the Benefit Plans are obligated to pay for goods and services received by their participants and beneficiaries at the Midlands Choice contracted rate for each respective Hospital, for prejudgment interest, the costs of this action and such further relief as the Court finds appropriate.

Dated this 13th day of May, 2015.

THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, and FREMONT HEALTH, a Nebraska county hospital, Plaintiffs

By:   /s/Steven D. Davidson
      Steven D. Davidson (#18684)
of:   BAIRD HOLM LLP
      1700 Farnam Street, Suite 1500
      Omaha, Nebraska 68102
      Phone: (402) 344-0500
      Facsimile: (402)344-0588
      sdavidson@bairdholm.com

DOCS/1425187.1

| | Patient Name | AMPS ID | Group | Provider Name | DOS | Billed Amount | Paid | PPO Discount | Amount To Be Paid | PPO Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | D.D. | 247831 | American Games | Jennie Edmundson Hospital | 6/10/2014 | $5,349.80 | $507.79 | $1,337.45 | $3,504.56 | Yes |
| 2 | R.D. | 248970 | American Games | Jennie Edmundson Hospital | 4/15/2014 | $9,914.88 | $2,693.67 | $2,478.73 | $4,742.48 | Yes |
| 3 | R.D. | 244164 | American Games | Jennie Edmundson Hospital | 4/15/2014 | $7,393.84 | $3,655.48 | $1,848.46 | $1,909.90 | Yes |
| 4 | K.A. | 241709 | American Games | Methodist Women's Hospital | 2/18/14-2/21/14 | $15,902.80 | $8,168.67 | $4,776.84 | $2,977.29 | Yes |
| 5 | S.N. | 249862 | American Games | Jennie Edmundson Hospital | 6/21/14-6/23/14 | $5,713.57 | $1,733.55 | $1,428.39 | $2,551.63 | Yes |
| 6 | S.S. | 240334 | American Games | Jennie Edmundson Hospital | 10/25/13-10/26/13 | $23,987.40 | $8,648.38 | $5,996.84 | $9,342.18 | Yes |
| 7 | R.A. | 241385 | American Games | Jennie Edmundson Hospital | 3/6/2014 | $17,634.20 | $3,173.10 | $4,408.56 | $10,052.54 | Yes |
| 8 | T.C. | 238686 | Goodrich | Nebraska Methodist Hospital | 1/1/2014 | $16,784.50 | $5,265.14 | $5,035.35 | $6,484.01 | Yes |
| 9 | M.M. | 244205 | Goodrich | Methodist Women's Hospital | 4/7/14-4/10/14 | $36,636.14 | $18,499.66 | $10,990.84 | $7,145.64 | Yes |
| 10 | W.H. | 255152 | Goodrich | Methodist Women's Hospital | 9/5/14-9/10/14 | $119,318.21 | $23,350.09 | $35,795.47 | $60,172.65 | Yes |
| 11 | M.O. | 243334 | Rhoden | Nebraska Methodist Hospital | 4/2/2014 | $16,960.80 | $9,601.49 | $5,088.24 | $2,271.07 | Yes |
| 19 | H.K. | 248172 | Rhoden | Jennie Edmundson Hospital | 6/18/2014 | $13,758.05 | $6,732.64 | $3,489.52 | $3,585.89 | Yes |
| 12 | G.S. | 254025 | Rhoden | Methodist Women's Hospital | 7/6/14-7/13/14 | $20,053.71 | $10,334.65 | $6,016.11 | $3,702.95 | Yes |
| 13 | A.S. | 244165 | SLEBC | Methodist Health System | 4/16/14-4/17/14 | $15,145.44 | $3,699.38 | $4,543.63 | $6,902.43 | Yes |
| 14 | S.F. | 248399 | SLEBC | Methodist Women's Hospital | 7/8/2012 | $3,390.00 | $1,123.10 | $488.54 | $1,829.36 | Yes |
| 15 | G.T. | 247949 | SLEBC | Chase County Community Hospital | 5/24/14-5/25/14 | $5,961.30 | $1,328.13 | $178.83 | $4,454.34 | Yes |
| 16 | G.T. | 247665 | SLEBC | Chase County Community Hospital | 5/30/2014 | $5,413.80 | $72.17 | $162.41 | $5,179.22 | Yes |
| 17 | E.H. | 247963 | SLEBC | Mary Lanning Memorial Hospital | 6/11/2014 | $3,985.80 | $0.00 | $398.58 | $3,587.22 | Yes |
| 18 | N.B. | 243625 | SLEBC | Mary Lanning Memorial Hospital | 4/7/2014 | $5,211.53 | $281.27 | $521.15 | $4,409.11 | Yes |
| 20 | T.G. | 244040 | Thermo King | Nebraska Methodist Hospital and Methodist Women's Hospital | 4/8/14-4/9/14 | $18,010.82 | $5,241.61 | $5,403.25 | $7,365.96 | Yes - Will pay in 3 installments |
| 21 | T.G. | 243622 | Thermo King | Nebraska Methodist Hospital and Methodist Women's Hospital | 4/7/2014 | $7,356.00 | $860.37 | $2,206.80 | $4,288.83 | Yes - Will pay in 3 installments |
| 22 | C.S. | 248639 | SLEBC | Great Plains Health | 6/26/2014 | $3,024.00 | $383.74 | $154.70 | $2,485.56 | Yes |
| 23 | A.H. | 249296 | SLEBC | Great Plains Health | 6/22/14-6/23/14 | $14,485.20 | $3,515.47 | $1,013.97 | $9,955.76 | Yes |
| 24 | K.H. | 251330 | SLEBC | Great Plains Health | 7/24/14-7/27/14 | $17,439.21 | $10,146.38 | $1,219.36 | $6,053.49 | Yes |
| 25 | K.D. | 248638 | SLEBC | Great Plains Health | 6/25/2014 | $2,210.00 | $120.16 | $211.68 | $1,878.16 | Yes |
| | Total | | | | | $411,042.00 | $124,116.07 | $105,093.70 | $181,832.23 | |



EXHIBIT

tabbies

| Patient Name | Group | Provider Name | DOS | Billed Amount |
|---|---|---|---|---|
| 1 D.K. | SLEBC | Nebraska Methodist Hospital | 8/22/2014 | $16,542.76 |
| 2 J.S. | Goodrich Dairy | Nebraska Methodist Hospital | 6/12/2013 | $103,671.59 |
| 3 R.G. | SLEBC | Methodist Women's Hospital | 9/15/23-9/19/13 | $16,722.10 |
| 4 G.T. | SLEBC | Chase County Community Hospital | 6/17/14-6/19/14 | $16,611.96 |
| 5 K.A. | SLEBC | Mary Lanning Memorial Hospital | 8/4/14-8/6/14 | $6,591.50 |
| 6 W.H. | SLEBC | Mary Lanning Memorial Hospital | 9/10/2014 | $4,619.83 |
| 7 C.S. | SLEBC | Great Plains Health | 10/20/14-10/23/14 | $35,076.10 |
| 8 W.H. | Goodrich Dairy | Nebraska Methodist Hospital | 9/13/14-9/14/14 | $4,661.84 |
| 9 A.S. | SLEBC | Fremont Health | 6/28/2014 | $7,308.77 |
| 10 A.S. | SLEBC | Fremont Health | 7/18/2014 | $9,529.18 |
| 11 K.K. | SLEBC | Fremont Health | 3/24/2014 | $9,735.56 |
| 19 T.J. | SLEBC | Fremont Health | 9/16/2013 | $5,835.25 |
| 12 W.H. | Goodrich Dairy | Fremont Health | 7/2/2014 | $16,020.09 |
| 13 W.H. | Goodrich Dairy | Fremont Health | 6/20/2014 | $6,922.61 |
| 14 W.H. | Goodrich Dairy | Fremont Health | 6/16/2014 | $8,379.59 |
| 15 R.R. | Goodrich Dairy | Fremont Health | 6/11/2014 | $2,849.00 |
| 16 R.R. | Goodrich Dairy | Fremont Health | 4/14/2014 | $6,664.08 |
| 17 | | | | |
| 18 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |



EXHIBIT

B

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002371410
Filing Date: 05/13/2015 11:37:38 AM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

THE NEBRASKA METHODIST
HOSPITAL, a Nebraska non-profit
corporation, JENNIE EDMUNDSON
MEMORIAL HOSPITAL, an Iowa non-
profit corporation, MARY LANNING
MEMORIAL HOSPITAL ASSOCIATION, a
Nebraska non-profit corporation, NORTH
PLATTE, NEBRASKA HOSPITAL
CORPORATION d/b/a GREAT PLAINS
HEALTH, a Nebraska non-profit
corporation, CHASE COUNTY
COMMUNITY HOSPITAL, a Nebraska
county hospital, and FREMONT HEALTH,
a Nebraska county hospital,

        Plaintiffs,

v.

STATE LAW ENFORCEMENT
BARGAINING COUNCIL EMPLOYEE
HEALTH AND DENTAL BENEFIT PLAN,
AMERICAN GAMES INC. EMPLOYEE
BENEFIT PLAN, GOODRICH DAIRY INC.
MEDICAL BENEFIT PLAN, RHODEN
AUTO CENTER INC. HEALTH CARE
PLAN, THERMO KING CHRISTENSEN
EMPLOYEE MEDICAL PLAN, THE
BENEFIT GROUP, INC., a Nebraska
corporation, and ADVANCED MEDICAL
PRICING SOLUTIONS, INC., a foreign
corporation,

        Defendants.

Case No. CI 15-4249

**PRAECIPE FOR SUMMONS**

To:    The Clerk of the District Court of Douglas County, Nebraska.

    Please issue summons in the above-referenced action and deliver the same to

Plaintiffs' attorney for service by certified mail upon the Defendants at the following

addresses:

1.  State Law Enforcement Bargaining Council Employee Health and Dental Benefit Plan
    Attn: President or any officer
    150 NW 40th Street
    Lincoln, NE 68528

2.  American Games Inc. Employee Benefit Plan
    Attn: President or any officer
    504 34th Ave.
    Council Bluffs, IA 51501

3.  Goodrich Dairy Inc. Medical Benefit Plan
    Attn: President or any officer
    P.O. Box 540654
    Omaha, NE 68154

4.  Rhoden Auto Center Inc. Health Care Plan
    Attn: President or any officer
    8646 F Street
    Omaha, NE 68127

5.  Thermo King Christensen Employee Medical Plan
    Attn: President or any officer
    7508 F Street
    Omaha, NE 68127

6.  The Benefit Group, Inc.
    Attn: Linus G. Humpal, Registered Agent
    Suite 100
    11906 Arbor Street
    Omaha, NE 68144

7.  Advanced Medical Pricing Solutions, Inc.
    Attn: Mike Dendy, Chief Executive Officer
    5100 Peachtree Parkway, Suite 200
    Norcross, GA 30092

Dated this 13th day of May, 2015.

THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, and FREMONT HEALTH, a Nebraska county hospital, Plaintiffs

By:     /s/Steven D. Davidson
        Steven D. Davidson (#18684)
of:     BAIRD HOLM LLP
        1700 Farnam Street, Suite 1500
        Omaha, Nebraska 68102
        Phone: (402) 344-0500
        Facsimile: (402)344-0588
        sdavidson@bairdholm.com

DOCS/1427582.1

3

Image ID:
D00321334D01

## SUMMONS

Doc. No.   321334

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Nebraska Methodist Hospital v. State Law Enforcement Bargaining

Case ID: CI 15    4249

TO:  State Law Enforcement Bargaining

**FILED BY**
Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital              Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass       North Platte Nebraska Hosp Corp
Chase County Community Hospital          Fremont Health

Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015        BY THE COURT:    John M. Friend
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          State Law Enforcement Bargaining
          Attn: President or any officer
          150 NW 40th Street
          Lincoln, NE 68528

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00321335D01

**SUMMONS**

Doc. No.   321335

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Nebraska Methodist Hospital v. State Law Enforcement Bargaining

Case ID: CI 15    4249

TO:  American Games Inc Emp Benefit Plan

**FILED BY**
Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital          Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass   North Platte Nebraska Hosp Corp
Chase County Community Hospital      Fremont Health

Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015          BY THE COURT:    John M. Friend
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          American Games Inc Emp Benefit Plan
          Attn: Presient or any officer
          504 34th Ave
          Council Bluffs, IA 51501

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00321336D01


**SUMMONS**

Doc. No.    321336

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha            NE 68183


Nebraska Methodist Hospital v. State Law Enforcement Bargaining
Case ID: CI 15    4249


TO:  Goodrich Dairy Inc Med Ben Plan

**FILED BY**
Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital         Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass  North Platte Nebraska Hosp Corp
Chase County Community Hospital     Fremont Health


Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015        BY THE COURT:    John M. Friend
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          Goodrich Dairy Inc Med Ben Plan
          Attn: President or any officer
          PO Box 540654
          Omaha, NE 68154

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00321337D01

**SUMMONS**

Doc. No.   321337

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                  NE 68183

Nebraska Methodist Hospital v. State Law Enforcement Bargaining

Case ID: CI 15     4249

TO:  Rhoden Auto Center Inc Hlth Plan

**FILED BY**
Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital        Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass North Platte Nebraska Hosp Corp
Chase County Community Hospital    Fremont Health

Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015        BY THE COURT:    _John M. Friend_
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Rhoden Auto Center Inc Hlth Plan
        Attn: President or any officer
        8646 F Street
        Omaha, NE 68127

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| Image ID:<br>D00321338D01 |  **SUMMONS** | Doc. No.   321338 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
                           1701 Farnam
                           Omaha              NE 68183


Nebraska Methodist Hospital v. State Law Enforcement Bargaining

                                              Case ID: CI 15     4249


TO:  Thermo King Christensen Emp Plan

                                                **FILED BY**
                                         Clerk of the Douglas District Court
                                                  05/13/2015

You have been sued by the following plaintiff(s):

        Nebraska Methodist Hospital          Jennie Edmundson Memorial Hospital
        Mary Lanning Memorial Hospital Ass   North Platte Nebraska Hosp Corp
        Chase County Community Hospital      Fremont Health


Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.


Date:  MAY 13, 2015        BY THE COURT:   John M. Friend
                                                Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Thermo King Christensen Emp Plan
        Attn: President or any officer
        7508 F Street
        Omaha, NE 68127

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00321339D01

**SUMMONS**

Doc. No.    321339

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha              NE 68183


Nebraska Methodist Hospital v. State Law Enforcement Bargaining
                                        Case ID: CI 15      4249


TO:  Benefit Group, Inc.

**FILED BY**

Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital          Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass   North Platte Nebraska Hosp Corp
Chase County Community Hospital      Fremont Health


Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015          BY THE COURT:   *John M. Friend*
                                                 Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Benefit Group, Inc.
        Attn: Linus G. Humpal, Reg. Agent
        11906 Arbor St., Suite 100
        Omaha, NE 68144

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Image ID:
D00321340D01



SUMMONS

Doc. No.   321340

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                  NE 68183

Nebraska Methodist Hospital v. State Law Enforcement Bargaining

Case ID: CI 15      4249

TO:  Advanced Medical Pricing Solutions

**FILED BY**
Clerk of the Douglas District Court
05/13/2015

You have been sued by the following plaintiff(s):

Nebraska Methodist Hospital          Jennie Edmundson Memorial Hospital
Mary Lanning Memorial Hospital Ass   North Platte Nebraska Hosp Corp
Chase County Community Hospital      Fremont Health

Plaintiff's Attorney:    Steven D Davidson
Address:                 1500 Woodmen Tower
                         1700 Farnam St.
                         Omaha, NE 68102-2068
Telephone:               (402) 344-0500

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MAY 13, 2015         BY THE COURT:   *John M. Friend*
                                                     Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

            Advanced Medical Pricing Solutions
            Attn: Mike Dendy, CEO
            5100 Peachtree Pkway, Suite 200
            Norcross, GA 30092

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002375516
Filed 06/11/2015 09:40:41 AM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

|  |  |
|---|---|
| THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation, CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, and FREMONT HEALTH, a Nebraska county hospital, | Case No. CI 15-4249 |
| Plaintiffs, | NOTICE OF SERVICE |
| v. | |
| STATE LAW ENFORCEMENT BARGAINING COUNCIL EMPLOYEE HEALTH AND DENTAL BENEFIT PLAN, AMERICAN GAMES INC. EMPLOYEE BENEFIT PLAN, GOODRICH DAIRY INC. MEDICAL BENEFIT PLAN, RHODEN AUTO CENTER INC. HEALTH CARE PLAN, THERMO KING CHRISTENSEN EMPLOYEE MEDICAL PLAN, THE BENEFIT GROUP, INC., a Nebraska corporation, and ADVANCED MEDICAL PRICING SOLUTIONS, INC., a foreign corporation, | |
| Defendants. | |

Plaintiff, the Nebraska Methodist Hospital, gives notice that Plaintiff's Interrogatories to Defendants (Set 1) and Plaintiff's Request for Production of Documents to Defendants (Set 1) were served upon Defendants on this 13th day of May, 2015.

Dated this 13th day of May, 2015.

THE NEBRASKA METHODIST HOSPITAL, a
Nebraska non-profit corporation, JENNIE
EDMUNDSON MEMORIAL HOSPITAL, an
Iowa non-profit corporation, MARY LANNING
MEMORIAL HOSPITAL ASSOCIATION, a
Nebraska non-profit corporation, NORTH
PLATTE, NEBRASKA HOSPITAL
CORPORATION d/b/a GREAT PLAINS
HEALTH, a Nebraska non-profit corporation
CHASE COUNTY COMMUNITY HOSPITAL, a
Nebraska county hospital, and FREMONT
HEALTH, a Nebraska county hospital, Plaintiffs

By:      /s/Steven D. Davidson
         Steven D. Davidson (#18684)
of:      BAIRD HOLM LLP
         1700 Farnam Street, Suite 1500
         Omaha, Nebraska 68102
         Phone: (402) 344-0500
         Facsimile: (402)344-0588
         sdavidson@bairdholm.com

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent by Certified Mail, on this 13th day of May, 2015, to the following:

State Law Enforcement Bargaining
Council Employee Health and Dental
Benefit Plan
Attn:  President or any officer
150 NW 40th Street
Lincoln, NE 68528

American Games Inc. Employee Benefit
Plan
Attn:  President or any officer
504 34th Ave.
Council Bluffs, IA  51501

Goodrich Dairy Inc. Medical Benefit Plan
Attn:  President or any officer
P.O. Box 540654
Omaha, NE 68154

Rhoden Auto Center Inc. Health Care Plan
Attn:  President or any officer
8646 F Street
Omaha, NE 68127

Thermo King Christensen Employee
Medical Plan
Attn:  President or any officer
7508 F Street
Omaha, NE 68127

The Benefit Group, Inc.
Attn:  Linus G. Humpal, Registered Agent
Suite 100
11906 Arbor Street
Omaha, NE 68144

Advanced Medical Pricing Solutions, Inc.
Attn:  Mike Dendy, Chief Executive Officer
5100 Peachtree Parkway, Suite 200
Norcross, GA 30092

/s/Steven Davidson

DOCS/1436744.1

3

# Certificate of Service

I hereby certify that on Thursday, May 14, 2015 I provided a true and correct copy of the Notice-Service to the following:

Benefit Group, Inc. service method: Certified Mail

American Games Inc Emp Benefit Plan service method: Certified Mail

Rhoden Auto Center Inc Hlth Plan service method: Certified Mail

Goodrich Dairy Inc Med Ben Plan service method: Certified Mail

Advanced Medical Pricing Solutions service method: Certified Mail

State Law Enforcement Bargaining service method: Certified Mail

Thermo King Christensen Emp Plan service method: Certified Mail

Signature: /s/ Davidson,Steven,D (Bar Number: 18684)

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462376
Filing Date: 06/10/2015 04:40:30 PM CDT
Doc. No.   321335

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha            NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                         _____

Mileage _____ miles     _____

    TOTAL              $ _____

Date: _____     BY: _____
                                                     (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: American Games Inc. Employee Benefit Plan_____

At the following address: Attn: President or any officer_____

                                    504 34th Ave_____

                                    Council Bluffs, IA 51501_____

on the 13th  day of May_____ 2015___, as required by Nebraska state law.

                                                      Steven D. Davidson, (#18684)
Postage $ 8.03_____   Attorney for: Planitiffs_____

The return receipt for mailing to the party was signed on May 15, 2015__, _____.

To: American Games Inc Emp Benefit Plan      From: Steven D Davidson
    Attn: Presient or any officer                      1500 Woodmen Tower
    504 34th Ave                                             1700 Farnam St.
    Council Bluffs, IA 51501                            Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

9314 7699 0430 0013 1992 48

A. Received by (Please Print Clearly)   B. Date of Delivery
5-15-15

C. Signature
X  Dan Kraff       ☒ Agent
                   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☒ No

3. Service Type   **CERTIFIED MAIL™**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

American Games Inc. Employee Benefit Plan
Attn: President or any officer
504 34th Ave
Council Bluffs, IA 51501

Reference Information
5/13/2015; M5317-15

PS Form 3811, January 2005          Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462402
Filing Date: 06/10/2015 04:44:56 PM CDT
Doc. No.   321336

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                          _____

Mileage _____miles        _____

   TOTAL                $ _____

Date: _____     BY: _____
                                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Goodrich Dairy Inc. Medical Benefit Plan

At the following address: Attn:  President or any officer

                    PO Box 540654

                    Omaha, NE  68154

on the  13th  day of  May                    2015  , as required by Nebraska state law.

                                             Steven D. Davidson, (#18684)
Postage $ 8.03       .  Attorney for:  Plaintiffs

The return receipt for mailing to the party was signed on  May 20, 2015  _____.

To: Goodrich Dairy Inc Med Ben Plan       From:  Steven D Davidson
    Attn: President or any officer                1500 Woodmen Tower
    PO Box 540654                                 1700 Farnam St.
    Omaha, NE 68154                               Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

**2. Article Number**

9314 7699 0430 0013 1993 16

**3. Service Type   CERTIFIED MAIL™**

**4. Restricted Delivery? (Extra Fee)**   ☐ Yes

**1. Article Addressed to:**

Goodrich Dairy Inc. Medical Benefit Plan
Attn: President or any officer
PO Box 540654
Omaha, NE 68154

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X _____   ☐ Agent
                    ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

Thomas J. Clark

Reference Information
5/13/2015; M5317-15

PS Form 3811, January 2005          Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462416
Filing Date: 06/10/2015 04:46:52 PM CDT

## SERVICE RETURN

Doc. No.    321337

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                            _____

Mileage _____miles        _____

  TOTAL              $ _____

Date: _____.   BY: _____
                                        (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail.
TO THE PARTY: Rhoden Auto Center Inc. Health Care Plan

At the following address: Attn:  President or any officer

8646 F Street

Omaha, NE  68127

on the 13th    day of May              2015    as required by Nebraska law.

                                        Steven D. Davidson, (#18684)
Postage $ 8.03        Attorney for:  Plaintiffs

The return receipt for mailing to the party was signed on  May 15, 2015  , _____.

To: Rhoden Auto Center Inc Hlth Plan        From:  Steven D Davidson
    Attn: President or any officer                 1500 Woodmen Tower
    8646 F Street                                  1700 Farnam St.
    Omaha, NE 68127                                Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | | |
|---|---|---|---|
| | A. Received by (Please Print Clearly) | B. Date of Delivery | |
| **9314 7699 0430 0013 1996 82** | | 5-15 | |
| | C. Signature | | |
| | X ~~signature~~ | ☐ Agent | |
| | | ☐ Addressee | |
| | D. Is delivery address different from item 1? | ☐ Yes | |
| | If YES, enter delivery address below: | ☐ No | |
| | R L Muller | | |

| 3. Service Type  **CERTIFIED MAIL™** |
|---|
| 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |

1. Article Addressed to:

Rhoden Auto Center Inc. Health Care Plan
Attn:  President or any officer
8646 F Street
Omaha, NE 68127

<u>Reference Information</u>
5/13/2015; M5317-15

PS Form 3811, January 2005          Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462430
Filing Date: 06/10/2015 04:49:07 PM CDT

## SERVICE RETURN

Doc. No.   321338

Douglas District Court
1701 Farnam
Omaha            NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

    TOTAL             $ _____

Date: _____   BY: _____
                                 (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Thermo King Christensen Employee Medical Plan

At the following address: Attn:  President or any officer

7508 F Street

Omaha, NE  68127

on the  13th  day of  May              2015 , as required by Nebraska state law.

Postage $ 8.03    Attorney for: Steven D. Davidson, (#18684)
                                Plaintiffs

The return receipt for mailing to the party was signed on  May 15, 2015 , _____.

To: Thermo King Christensen Emp Plan      From: Steven D Davidson
Attn: President or any officer                  1500 Woodmen Tower
7508 F Street                                   1700 Farnam St.
Omaha, NE 68127                                 Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

**2. Article Number**

9314 7699 0430 0013 1997 29

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

Jade Schiller    5-15

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

**3. Service Type    CERTIFIED MAIL™**

**4. Restricted Delivery? (Extra Fee)**    ☐ Yes

**1. Article Addressed to:**

Thermo King Christensen Employee Medical Plan
Attn: President or any officer
7508 F Street
Omaha, NE 68127

Reference Information
5/13/2015; M5317-15

PS Form 3811, January 2005         Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462388
Filing Date: 06/10/2015 04:42:52 PM CDT

SERVICE RETURN

Doc. No.    321339

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                       _____

Mileage ____miles          _____

   TOTAL             $ _____

Date: _____     BY: _____
                                     (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: The Benefit Group, Inc. _____

At the following address: Attn: Linus G. Humpal, Reg. Agent

           11906 Arbor St., Suite 100

           Omaha, NE 68144

on the  13th day of May _____ 2015 , as required by Nebraska state law.

                              Steven D. Davidson, (#18684)
Postage $ 8.03     Attorney for: Plaintiffs

The return receipt for mailing to the party was signed on  May 15, 2015 , _____.

To: Benefit Group, Inc.                From: Steven D Davidson
    Attn: Linus G. Humpal, Reg. Agent         1500 Woodmen Tower
    11906 Arbor St., Suite 100                1700 Farnam St.
    Omaha, NE 68144                           Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**9314 7699 0430 0013 1997 81**

| | A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|---|
| | | 5/15/15 |

C. Signature

X _Jerry Maschka_     ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

| 3. Service Type | CERTIFIED MAIL™ |
|---|---|
| 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |

1. Article Addressed to:

The Benefit Group, Inc.
Attn: Linus G. Hympal, Reg. Agent
11906 Arbor St., Suite 100
Omaha, NE 68144

<u>Reference Information</u>
5/13/2015; M5317-15

PS Form 3811, January 2005          Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002462350
Filing Date: 06/10/2015 04:37:44 PM CDT
Doc. No.    321340

**SERVICE RETURN**

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 15    4249 Nebraska Methodist v. State Law Enforcem

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                      _____

Mileage ____miles       _____

   TOTAL            $ _____

Date: _____        BY: _____
                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Advanced Medical Pricing Solutions

At the following address: Attn: Mike Dendy, CEO

5100 Peachtree Parkway, Suite 200

Norcross, GA  30092?

on the  13th  day of  May            2015 , as required by Nebraska state law.

Postage $ 8.03    Attorney for: Steven D. Davidson, (#18684)
                                      Plaintiffs

The return receipt for mailing to the party was signed on  May 18, 2015 , _____.

To: Advanced Medical Pricing Solutions          From:  Steven D Davidson
    Attn: Mike Dendy, CEO                               1500 Woodmen Tower
    5100 Peachtree Pkway, Suite 200                     1700 Farnam St.
    Norcross, GA 30092                                  Omaha, NE 68102-2068

# ATTACH RETURN RECEIPT & RETURN TO COURT

**2. Article Number**

9314 7699 0430 0013 2007 22

**3. Service Type   CERTIFIED MAIL™**

**4. Restricted Delivery?** *(Extra Fee)*  ☐ Yes

**1. Article Addressed to:**

Advanced Medical Pricing Solutions, Inc.
Attn: Mike Dendy, CEO
5100 Peachtree Parkway, Suite 200
Norcross, GA 30092

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   *Cathy Walker*   B. Date of Delivery   *5/18/15*

C. Signature
X   ☑ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Reference Information
5/13/2015; M5317-15

PS Form 3811, January 2005          Domestic Return Receipt

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004249
Transaction ID: 0002461960
Filing Date: 06/10/2015 04:01:15 PM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation, CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, FREMONT HEALTH, a Nebraska county hospital, and COLUMBUS COMMUNITY HOSPITAL, INC., a Nebraska non-profit corporation, | Case No. CI 15-4249 |

Plaintiffs,

v.

STATE LAW ENFORCEMENT BARGAINING COUNCIL EMPLOYEE HEALTH AND DENTAL BENEFIT PLAN, AMERICAN GAMES INC. EMPLOYEE BENEFIT PLAN, GOODRICH DAIRY INC. MEDICAL BENEFIT PLAN, RHODEN AUTO CENTER INC. HEALTH CARE PLAN, THERMO KING CHRISTENSEN EMPLOYEE MEDICAL PLAN, THE BENEFIT GROUP, INC., a Nebraska corporation, and ADVANCED MEDICAL PRICING SOLUTIONS, INC., a foreign corporation,

Defendants.

**FIRST AMENDED COMPLAINT**

Plaintiffs, The Nebraska Methodist Hospital, a Nebraska non-profit corporation ("NMH"), Jennie Edmundson Memorial Hospital, an Iowa non-profit corporation ("JEMH"), Mary Lanning Memorial Hospital Association, a Nebraska non-profit

corporation ("MLMH"), North Platte, Nebraska Hospital Corporation d/b/a Great Plains Health, a Nebraska non-profit corporation ("GPH"), Chase County Community Hospital, a Nebraska county hospital, ("CCCH"), Fremont Health, a Nebraska county hospital ("FH"), and Columbus Community Hospital, Inc., a Nebraska non-profit corporation ("CCH") (collectively "Hospitals"), for their causes of action against the defendants, State Law Enforcement Bargaining Council Employee Health and Dental Benefit Plan ("SLEBC"), American Games Inc. Employee Benefit Plan ("American Games"), Goodrich Dairy Inc. Medical Benefit Plan ("Goodrich"), Rhoden Auto Center Inc. Health Care Plan ("Rhoden"), Thermo King Christensen Employee Medical Plan ("Thermo") (collectively the "Benefit Plans"), The Benefit Group, Inc., a Nebraska Corporation ("TBG") and Advanced Medical Pricing Solutions, Inc. ("AMPS"), a foreign corporation, states and alleges as follows:

1.      This action arises from the Benefit Plans' failure to pay for charges incurred by their participants for goods and services rendered by the Hospitals at rates contractually agreed in advance through the parties' participation in a preferred provider organization known as Midlands Choice, Inc., a Nebraska corporation with its principal place of business in Douglas County, Nebraska (the "Midlands Choice PPO Network"). The failure of the Benefit Plans to honor their obligations was induced by TBG and AMPS, administrators and consultants to the Benefit Plans, and agents of the Benefit Plans, who though aware of the obligations of both the Benefit Plans and the Hospitals in the Midlands Choice PPO network, initiated and caused the Benefit Plans' failure to pay at contracted rates.

2.      NMH is an affiliate of Nebraska Methodist Health System, and operates

2

acute care hospitals in Douglas County, Nebraska, known as Nebraska Methodist Hospital and Methodist Women's Hospital.  JEMH is an affiliate of Nebraska Methodist Health System, and operates an acute care hospital in Council Bluffs, Iowa.  MLMH operates an acute care hospital in Hastings, Nebraska.  GPH operates an acute care hospital in North Platte, Nebraska.  CCCH operates an acute care hospital in Imperial, Nebraska.  Fremont Health operates an acute care hospital in Fremont, Nebraska.

3.     Hospitals are contracted providers in the Midlands Choice PPO Network.  Each hospital has executed a contract with Midlands Choice (the "Provider Agreements") which provide that the hospital will accept an agreed percentage reduction from billed charges as payment in full for goods and services rendered to patients whose health benefit plan is a participant in the Midlands Choice PPO Network.

4.     The Benefits Plans are each an employee welfare benefit plan providing health benefits to their respective participants and beneficiaries, and which each do business in connection with those health benefits in Douglas County, Nebraska.  The Benefit Plans are each participants in the Midlands Choice PPO Network.  Each Benefit Plan has executed a contract with Midlands Choice (the "Group Agreements") which provides that the benefit plan will pay for goods and services rendered to plan participants by health care providers who are also participants in the Midlands Choice PPO Network, including the Hospitals, at the contractually agreed rate set forth in the Provider Agreements.

5.     TBG is a Nebraska corporation doing business in Douglas County, Nebraska, has been engaged by each Benefit Plan as the third party administrator of the Benefit Plan, and in that role processes claims for payment on behalf of the Benefit

3

Plans. At all relevant times, TBG acted as an agent of each Benefit Plan, had knowledge of the Benefit Plans' participation in the Midlands Choice PPO Network, and had knowledge of the terms and conditions of the Provider Agreements and the Group Agreements regarding the payment of benefits at discounted rates.

6.     AMPS has been engaged by TBG and/or by the Benefit Plans to provide "cost management services" within the State of Nebraska, and in that role assists in the processing of claims for payment by the Benefit Plans in Nebraska. At all relevant times, AMPS acted as an agent of each Benefit Plan and/or of TBG, had knowledge of the Benefit Plans' participation in the Midlands Choice PPO Network, and had knowledge of the terms and conditions of the Provider Agreements and the Group Agreements regarding the payment of benefits at discounted rates.

7.     Venue is appropriate in this Court pursuant to Neb. Rev. Stat. § 25-403.01, as the transaction or some part of the transaction out of which the causes of action arose occurred in Douglas County, Nebraska.

8.     In 44 instances occurring on and after July 8, 2012, certain patients whose health benefits were provided by the Benefit Plans received goods and service from the Hospitals. In each case, the patient represented to the Hospital on admission that the patient's health benefits were provided through a benefit plan participating in the Midlands Choice PPO Network. In each case, the Hospitals submitted claims for the goods and services they provided in the ordinary course of business through Midlands Choice, which claims were repriced by Midlands Choice in accordance with the Provider Agreements and the Group Agreements to apply the appropriate negotiated contractual percentage discount, and then forwarded to the Benefit Plans or their agents for

4

payment. In each case, TBG and AMPS, on behalf of the Benefit Plans, failed to initiate payment of the claim at the contracted rate, but instead initiated and caused payment at an amount materially less than the contracted rate.

9.     The Hospitals contacted TBG to dispute the payments, and were advised that a Massachusetts lawyer, Adam Russo, represented the Benefit Plans in connection with 25 of those claims, which claims were identified on a spreadsheet prepared by Russo and later provided to the Hospitals, a true and correct copy of which (redacted to delete patient names) is attached and incorporated by reference as Exhibit A. Further information was exchanged between Russo and the Hospitals, and the Hospitals made a demand for payment of claim numbers 1 through 25 at the Midlands Choice contracted rate. Russo responded with a settlement offer in an amount less than the contracted rate. The Hospitals declined the offer, and advised Russo that absent payment at the Midlands Choice contracted rate, the Hospitals would initiate legal action against the Benefit Plans, TBG and AMPS.

10.     On Tuesday, March 3, 2015, Russo responded to the Hospitals' demand on behalf of the Benefit Plans, advising that the Benefits Plans agreed to pay the claims identified above as numbers 1 through 25 at the Midlands Choice contracted rate for each Hospital, in order to avoid litigation and resolve the dispute. The agreement was confirmed in subsequent emails between counsel on behalf of the parties. In particular, on March 5, 2015, referencing the spreadsheet listing claims 1 through 25 that Russo had prepared, Russo's office confirmed in writing that the Benefit Plans "have agreed to begin processing payment for the files we have made agreements on." Further, Russo asked for and received a concession that one of the Benefit Plans, Thermo, would make

5

its payment in three consecutive equal monthly installments.

11.     At or near the time of the settlement agreement, Russo indicated that he did not represent the Benefit Plans with respect to any benefit claims other than claims 1 through 25 on Exhibit A, and advised the Hospitals to direct their demands regarding the additional benefit claims at issue to TBG directly.  Those additional claims are identified (with patient information redacted) on the spreadsheet attached and incorporated by reference as Exhibit B.

12.     While waiting for the agreed payments to be made on claims 1 through 25, the Hospitals were subsequently advised that the Benefits Plans had terminated their engagement of Russo and instead hired substitute counsel from Atlanta.  Thereafter, the Benefit Plans' Atlanta counsel was provided with documents confirming the settlement agreement that had been reached concerning claims 1 through 25.  Atlanta counsel later advised the Hospitals that the Benefit Plans had changed their position and would not be making payment at the Midlands Choice contracted rate for claims 1 through 25, as previously agreed and as set forth on Exhibit A.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Settlement Agreement)
### (Benefit Plan Defendants)

13.     Hospitals restate their prior allegations as if set forth here.

14.     The Hospitals and the Benefit Plans entered into a binding settlement agreement for resolution of claims 1 through 25, providing for payment of each claim at the Midlands Choice contracted rate, on the terms described above and in Exhibit A.

15.     The Benefit Plans breached the settlement agreement by failing and refusing to pay as agreed.

6

16.    The breach was a proximate cause of damage to the Hospitals in the combined sum of $181,832.23, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A.

## SECOND CAUSE OF ACTION
### (Breach of Contract – PPO Contract)
### (Benefit Plan Defendants)

17.    The Hospitals restate their prior allegations as if set forth here.

18.    The Provider Agreements and the Group Agreements are contracts that were executed in reference to and as part of the same transaction, and should be considered and construed together as a single obligation (the "PPO Contract").  The Hospitals are entitled to maintain suit for the Benefit Plans' breach of the PPO Contract.

19.    The Benefit Plans breached the PPO Contract by their failure to pay the claims identified in Exhibit A and Exhibit B at the Midlands Choice contracted rate.

20.    The breach was a proximate cause of damage to the Hospitals in the combined sum of not less than $428,167.63, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

## THIRD CAUSE OF ACTION
### (Breach of Contract – Group Agreements)
### (Benefit Plan Defendants)

21.    The Hospitals restate their prior allegations as if set forth here.

22.    In the alternative, the Hospitals are each an intended third party beneficiary of the Group Agreements between the Benefit Plans and Midlands Choice. The Hospitals, as third party beneficiaries, are entitled to maintain suit for the Benefit Plans' breach of their respective Group Agreement.

23.     The Benefit Plans breached their respective Group Agreement by failing to pay the claims identified in Exhibit A and Exhibit B at the Midlands Choice contracted rate.

24.     The breach was a proximate cause of damage to the Hospitals in the combined sum of not less than $428,167.63, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)
### (Benefit Plan Defendants)

25.     The Hospitals restate their prior allegations as if set forth here.

26.     In the alternative, the Benefit Plans have been unjustly enriched through their failure to pay the Hospitals at the Midlands Choice contracted rate.

27.     The Benefit Plans have retained possession of funds that, in justice and fairness, ought to be paid to the Hospitals, in an amount not less than $428,167.63, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

### FIFTH CAUSE OF ACTION
### (Tortious Interference with Business Relationship and Expectancy)
### (TBG and AMPS)

28.     The Hospitals restate their prior allegations as if set forth here.

29.     The Hospitals had a valid existing business relationship and expectancy with Midlands Choice, through the Provider Agreements and the Hospital's participation in the Midlands Choice PPO Network, including an expectation of receiving their respective Midlands Choice contracted rate for goods and services provided to Benefit

Plan participants.

30.     TBG and AMPS were each aware of the business relationship and expectancy.

31.     The acts of TBG and AMPS described above, including without limitation inducing the Benefit Plans to initiate benefit payments to the Hospitals in an amount less than the Midlands Choice contracted rate, constituted unjustified, intentional interference with that relationship and expectancy.

32.     Defendants' acts were the proximate cause of harm and damage to the Hospitals in an amount not less than $428,167.63, less any partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

**SIXTH CAUSE OF ACTION**
**(Civil Conspiracy)**
**(All Defendants)**

33.     The Hospitals restate their prior allegations as if set forth here.

34.     The Defendants combined to accomplish by concerted action an unlawful or oppressive object, in particular, an unlawful and tortious interference with the Hospital's Provider Agreements and the Hospital's legitimate expectancy arising from participation in the Midlands Choice PPO Network.

35.     The Defendants each committed at least one overt act in furtherance of the conspiracy, including without limitation by their participation in initiating benefit payments to the Hospitals in an amount less than the Midlands Choice contracted rate.

36.     Defendants' acts were the proximate cause of harm and damage to the Hospitals in an amount not less than $428,167.63, less any partial payments previously

9

made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B.

### SEVENTH CAUSE OF ACTION
### (Declaratory Judgment)
### (All Defendants)

37.     The Hospitals restate their prior allegations as if set forth here.

38.     There exists a current, ripe and active dispute between the parties regarding the contractual obligations of the Benefit Plans, together with their administrators and consultants, to pay for goods and service at the Midlands Choice contracted rate.

39.     The Hospitals are entities whose rights are affected by the dispute, and who require a declaration of the parties respective rights, status and legal relations under the Provider Agreements and the Group Agreements, in particular, whether the Benefit Plans are obligated to pay for goods and services at the Midlands Choice contracted rate.

40.     A declaration of the parties' rights would terminate existing uncertainty and controversy.

41.     The Hospitals therefore seek, and hereby requests in accordance with Neb. Rev. Stat. § 25-21,149 through 21,151, an order declaring that Benefit Plans, together with their administrators and consultants, are obligated to pay for goods and services received by their participants and beneficiaries at the Midlands Choice contracted rate for each respective Hospital.

WHEREFORE, the Hospitals respectfully request judgment against the Defendants, jointly and severally, in an amount not less than $428,167.63, less any

partial payments previously made, payable by each Benefit Plan to each Hospital in accordance with the information contained in Exhibit A and Exhibit B, an order declaring that the Benefit Plans are obligated to pay for goods and services received by their participants and beneficiaries at the Midlands Choice contracted rate for each respective Hospital, for prejudgment interest, the costs of this action and such further relief as the Court finds appropriate.

Dated this 10th day of June, 2015.

THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION d/b/a GREAT PLAINS HEALTH, a Nebraska non-profit corporation CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, FREMONT HEALTH, a Nebraska county hospital, and COLUMBUS COMMUNITY HOSPITAL, Plaintiffs

By:   /s/Steven D. Davidson
      Steven D. Davidson (#18684)
of:   BAIRD HOLM LLP
      1700 Farnam Street, Suite 1500
      Omaha, Nebraska 68102
      Phone: (402) 344-0500
      Facsimile: (402)344-0588
      sdavidson@bairdholm.com

11

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent on June 10, 2015, by United States mail, first-class postage prepaid, to the following:

Henry M. Perlowski
Arnall Golden Gregory LLP
171 17th Street, NW Suite 2100
Atlanta, GA 30363

/s/Steven D. Davidson

DOCS/1425187.1

12

| | Patient Name | AMPS ID | Group | Provider Name | DOS | Billed Amount | Paid | PPO Discount | Amount To Be Paid | PPO Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | D.D. | 247831 | American Games | Jennie Edmundson Hospital | 6/10/2014 | $5,349.80 | $507.79 | $1,337.45 | $3,504.56 | Yes |
| 2 | R.D. | 248970 | American Games | Jennie Edmundson Hospital | 4/15/2014 | $9,914.88 | $2,693.67 | $2,478.73 | $4,742.48 | Yes |
| 3 | R.D. | 244164 | American Games | Jennie Edmundson Hospital | 4/15/2014 | $7,393.84 | $3,635.48 | $1,848.46 | $1,909.90 | Yes |
| 4 | K.A. | 241709 | American Games | Methodist Women's Hospital | 2/18/14-2/21/14 | $15,922.80 | $8,168.67 | $4,776.84 | $2,977.29 | Yes |
| 5 | S.N. | 248462 | American Games | Jennie Edmundson Hospital | 6/21/14-6/22/14 | $9,713.57 | $5,733.55 | $1,428.39 | $2,551.63 | Yes |
| 6 | S.S. | 242924 | American Games | Jennie Edmundson Hospital | 10/25/13-10/26/13 | $23,387.40 | $8,048.38 | $5,996.84 | $9,342.18 | Yes |
| 7 | T.A. | 243365 | American Games | Jennie Edmundson Hospital | 3/6/2014 | $17,634.20 | $3,173.10 | $4,408.56 | $10,052.54 | Yes |
| 8 | T.C. | 238686 | Goodrich | Nebraska Methodist Hospital | 1/1/2014 | $16,784.50 | $5,265.14 | $5,035.35 | $6,484.01 | Yes |
| 9 | M.M. | 244245 | Goodrich | Methodist Women's Hospital | 4/7/14-4/10/14 | $36,636.14 | $18,499.66 | $10,990.84 | $7,145.64 | Yes |
| 10 | W.H. | 255152 | Goodrich | Nebraska Methodist Hospital | 9/5/14-9/10/24 | $119,318.21 | $23,350.00 | $35,795.47 | $60,172.65 | Yes |
| 11 | M.O. | 243314 | Rhoden | Nebraska Methodist Hospital | 4/2/2014 | $16,960.80 | $4,601.49 | $5,088.24 | $7,271.07 | Yes |
| 12 | G.S. | 248177 | Rhoden | Jennie Edmundson Hospital | 6/18/2014 | $13,756.05 | $6,712.64 | $3,439.52 | $3,585.89 | Yes |
| 13 | A.S. | 254025 | Rhoden | Methodist Women's Hospital | 7/6/14-7/13/14 | $20,053.71 | $10,334.65 | $6,016.11 | $3,702.95 | Yes |
| 14 | A.S. | 244165 | SLEBC | Methodist Health System | 4/15/14-4/17/24 | $15,145.44 | $3,699.38 | $4,543.63 | $6,902.43 | Yes |
| 15 | S.F. | 248899 | SLEBC | Methodist Women's Hospital | 7/8/2012 | $3,391.00 | $1,123.10 | $438.54 | $1,829.36 | Yes |
| 16 | G.T. | 247949 | SLEBC | Chase County Community Hospital | 5/24/14-5/25/14 | $5,561.30 | $1,328.13 | $178.83 | $4,454.34 | Yes |
| 17 | G.T. | 247665 | SLEBC | Chase County Community Hospital | 5/30/2014 | $5,413.80 | $72.17 | $162.41 | $5,179.22 | Yes |
| 18 | E.H. | 247963 | SLEBC | Mary Lanning Memorial Hospital | 6/11/2014 | $3,965.80 | $0.00 | $398.58 | $3,567.22 | Yes |
| 19 | N.B. | 243625 | SLEBC | Mary Lanning Memorial Hospital | 4/7/2014 | $5,211.53 | $281.27 | $521.15 | $4,409.11 | Yes |
| 20 | T.G. | 248060 | Thermo King | Nebraska Methodist Hospital and Methodist Women's Hospital | 4/8/14-4/9/14 | $18,010.82 | $5,243.61 | $5,403.25 | $7,365.96 | Yes - Will pay in 3 Installments |
| 21 | T.G. | 248922 | Thermo King | Nebraska Methodist Hospital and Methodist Women's Hospital | 4/7/2014 | $7,356.00 | $862.37 | $2,206.80 | $4,288.83 | Yes - will pay in 3 Installments |
| 22 | C.S. | 248563 | SLEBC | Great Plains Health | 6/26/2014 | $3,024.00 | $383.74 | $154.70 | $2,485.56 | Yes |
| 23 | A.H. | 249295 | SLEBC | Great Plains Health | 6/22/14-6/23/14 | $14,485.20 | $3,535.47 | $1,013.97 | $9,955.76 | Yes |
| 24 | K.H. | 251330 | SLEBC | Great Plains Health | 7/24/14-7/27/14 | $17,419.21 | $10,146.36 | $1,219.36 | $6,053.49 | Yes |
| 25 | K.D. | 248638 | SLEBC | Great Plains Health | 6/25/2014 | $2,210.00 | $120.16 | $211.68 | $1,878.16 | Yes |
| | Total | | | | | $411,042.00 | $124,116.07 | $105,093.70 | $181,832.23 | |



EXHIBIT

4

| | Patient Name | Group | Provider Name | DOS | Billed Amount |
|---|---|---|---|---|---|
| 1 | D.K. | SLEBC | Nebraska Methodist Hospital | 8/22/2014 | $16,542.76 |
| 2 | J.S. | Goodrich Dairy | Nebraska Methodist Hospital | 6/12/2013 | $103,671.59 |
| 3 | R.G. | SLEBC | Methodist Women's Hospital | 9/15/23-9/19/13 | $16,722.10 |
| 4 | G.T. | SLEBC | Chase County Community Hospital | 6/17/14-6/19/14 | $16,611.96 |
| 5 | K.A. | SLEBC | Mary Lanning Memorial Hospital | 8/4/14-8/6/14 | $6,591.50 |
| 6 | W.H. | SLEBC | Mary Lanning Memorial Hospital | 9/10/2014 | $4,619.83 |
| 7 | C.S. | SLEBC | Great Plains Health | 10/20/14-10/23/14 | $35,076.10 |
| 8 | W.H. | Goodrich Dairy | Nebraska Methodist Hospital | 9/13/14-9/14/14 | $4,661.84 |
| 9 | A.S. | SLEBC | Fremont Health | 6/28/2014 | $7,308.77 |
| 10 | A.S. | SLEBC | Fremont Health | 7/18/2014 | $9,529.18 |
| 11 | K.K. | SLEBC | Fremont Health | 3/24/2014 | $9,735.56 |
| 19 | T.J. | SLEBC | Fremont Health | 9/16/2013 | $5,835.25 |
| 12 | W.H. | Goodrich Dairy | Fremont Health | 7/2/2014 | $16,020.09 |
| 13 | W.H. | Goodrich Dairy | Fremont Health | 6/20/2014 | $6,922.61 |
| 14 | W.H. | Goodrich Dairy | Fremont Health | 6/16/2014 | $8,379.59 |
| 15 | R.R. | Goodrich Dairy | Fremont Health | 6/11/2014 | $2,849.00 |
| 16 | R.R. | Goodrich Dairy | Fremont Health | 4/14/2014 | $6,664.08 |
| 17 | A.S. | SLEBC | Columbus Community Hospital | 3/28/2014 | $8,518.71 |
| 18 | A.S. | SLEBC | Columbus Community Hospital | 4/3/2014 | $10,332.65 |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |



EXHIBIT

B

# Certificate of Service

I hereby certify that on Thursday, June 11, 2015 I provided a true and correct copy of the Amended Complaint to the following:

Benefit Group, Inc. service method: First Class Mail

Goodrich Dairy Inc Med Ben Plan service method: First Class Mail

Advanced Medical Pricing Solutions service method: First Class Mail

Rhoden Auto Center Inc Hlth Plan service method: First Class Mail

State Law Enforcement Bargaining service method: First Class Mail

American Games Inc Emp Benefit Plan service method: First Class Mail

Thermo King Christensen Emp Plan service method: First Class Mail

Signature: /s/ Davidson,Steven,D (Bar Number: 18684)