IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation, JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation, MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, NORTH PLATTE, NEBRASKA HOSPITAL ASSOCIATION, a Nebraska non-profit corporation, CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital, FREMONT HEALTH, a Nebraska county hospital, and COLUMBUS COMMUNITY HOSPITAL, a Nebraska non-profit corporation, | |
| Plaintiffs, | 8:15CV216 |
| V. | **FINDINGS AND RECOMMENDATION** |
| STATE LAW ENFORCEMENT BARGAINING COUNCIL EMPLOYEE HEALTH AND DENTAL BENEFIT PLAN, AMERICAN GAMES, INC. EMPLOYEE BENEFIT PLAN, GOODRICH DAIRY, INC. MEDICAL BENEFIT PLAN, RHODEN AUTO CENTER, INC. HEALTH CARE PLAN, THERMO KING CHRISTENSEN EMPLOYEE MEDICAL PLAN, THE BENEFIT GROUP, INC., a Nebraska corporation, and ADVANCED MEDICAL PRICING SOLUTIONS, INC., a foreign corporation, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Remand (filing 19). For the reasons explained below, the undersigned will recommend to Senior District Court Judge Joseph Bataillon that the Motion be granted.

**BACKGROUND**

On May 13, 2015, Plaintiffs filed suit against multiple health benefit plans (the "Plans"), as well as two of the Plans' administrators and consultants (collectively referred to herein as "Defendants"), in the District Court of Douglas County, Nebraska. Plaintiffs are a collection of Nebraska and Iowa hospitals that were participants in the Midlands Choice Preferred Provider Network ("PPO"). The First Amended Complaint alleges that each hospital executed a "Provider Agreement" with Midlands Choice, which state that the hospital will accept an agreed percentage reduction from billed charges as payment in full for services rendered to patients whose health benefit plans are participants in the PPO. Plaintiffs allege that the Plans are participants in the PPO pursuant to "Group Agreements" executed between the Plans and Midlands Choice. Plaintiffs assert that the Group Agreements provide that the Plans will pay for services rendered to plan participants by hospitals who are also participants in the PPO at the contractually agreed rate set forth in the Provider Agreements.

Plaintiffs allege that the Provider Agreements and the Group Agreements are contracts which were executed in reference to and as part of a single transaction and should be considered and construed together as a single contractual obligation, or as a "PPO Contract." The First Amended Complaint alleges that the Plans breached the PPO Contract because, in forty-four instances, individual claims were not paid by the Plans at the contracted rate, but instead were paid at an amount materially less than the contracted rate. Alternatively, Plaintiffs allege that they were intended third party beneficiaries of the Group Agreements and, as such, are entitled to maintain suit for the Plans' breaches of these agreements. Additionally, Plaintiffs also allege that the Plans breached an agreement to settle a portion of the claims at issue, arising from pre-suit negotiations between counsel for the parties. The First Amended Complaint also asserts claims for unjust enrichment, toritous interference with business relationships and civil conspiracy.

Plaintiffs seek damages in the amount of the difference between what was actually paid

on the claims at issue, and the amount that should have been paid under the contracted rate. Plaintiffs also seek a declaration that Defendants are obligated to pay for goods and services received by their participants and beneficiaries at the Midlands Choice contracted rate for each respective hospital.

Defendants removed the suit to federal court on June 12, 2015, asserting that this Court has original jurisdiction because the action arises under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs have moved to remand the action, arguing that ERISA does not pre-empt the claims raised in the First Amended Complaint.

## DISCUSSION

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

"Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." *Phipps*, 417 F.3d at 1010. The well-pleaded complaint rule "provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

However, the "complete-pre-emption" doctrine operates as an exception to the well-pleaded complaint rule. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation omitted). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Id*. Therefore, "if an individual, at some point in time,

could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA." *Id*. at 210.

Plaintiffs assert that the First Amended Complaint sets forth contract and tort claims which are based upon the Plans' alleged failure to pay for services at the contracted rate. Plaintiffs maintain that their rights under the contracts exist independently of patients' rights under the benefit plans, and that they have not brought suit on an assigned claim. Therefore, according to Plaintiffs, their claims are not pre-empted by ERISA. In support of their argument, Plaintiffs rely on a case decided by Chief Nebraska District Court Judge Laurie Smith Camp that involved the precise issue presented here.

In *Creighton Saint Joseph Regional Healthcare, LLC v. Simmonds Restaurant Management, Inc*., No. 8:09CV114, 2009 WL 5103118 (D. Neb. Dec. 16, 2009), Saint Joseph Hospital (the "hospital") sued an employee benefit plan (the "Plan"), alleging breach of a Midlands Choice preferred provider organization network contract. The complaint alleged that the hospital and the Plan each had a contract with Midlands Choice, with both contracts negotiated and executed as part of a common transaction. Pursuant to the network contract, the hospital agreed to accept thirty-five percent of the normal billed charges if payment was received within forty-five days of the Plan's receipt of the claim. The hospital provided medical services to a beneficiary of the Plan and submitted the charges. Although the Plan did not pay the claim until more than forty-five days after the hospital submitted the claims, it still only paid thirty-five percent of the charges. The hospital's suit sought the remaining sixty-five percent of the billed charges from the Plan under a breach of contract theory.

The Plan removed the action to federal court, arguing that the claims were pre-empted by ERISA. Judge Smith Camp remanded the action, finding that the hospital's claims were based on a provider agreement that was separate from the ERISA-regulated plan. In so holding, Judge Smith Camp stated that "[w]hile the action brought by [the hospital] may affect the Plan, in that a judgment will require payment of funds from the Plan, the action requires no interpretation of the provisions of the Plan. [The hospital] could not have brought its action under ERISA, and the action is supported by a separate legal duty–the terms of the Midlands Choice network contract." *Id*. at *4.

In reaching her decision, Judge Smith Camp relied upon cases from the Ninth Circuit Court of Appeals and the Third Circuit Court of Appeals which had each addressed the issue. *See Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 402 (3rd Cir. 2004) (finding that a hospital's breach of contract claim against a health benefit plan was not completely pre-empted by ERISA because the hospital's right to recovery depended "entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself"); *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1050-51 (9th Cir. 1999) (affirming the district court's decision to remand the case to state court, stating that "the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans . . . The dispute here is not over the right to payment . . . , but the amount, or level, of payment, which depends on the terms of the provider agreements").

Defendants argue that Plaintiffs' claims are completely pre-empted because this case is about entitlement to benefits and interpretation of plan documents. Having reviewed the authorities cited by the parties, and having fully considered the matter, the undersigned disagrees. The First Amended Complaint sets forth contract and tort claims that arise from contracts between Plaintiffs, Midlands Choice and the Plans. Plaintiffs' claims are based on Defendants' alleged failure to pay for services rendered at the contracted rate. Plaintiffs have not sued for a breach of any ERISA-governed benefit plan obligation, but rather for the enforcement of their own rights under a separate set of contractual duties. The First Amended Complaint does not allege any claims were improperly denied, but instead that the Plans failed to pay claims at the contracted rate. Here, the dispute is over the *amount* of payment, not the *right* to payment or coverage. Such allegations do not require interpretation of plan documents. Therefore, the undersigned will recommend that Plaintiffs' Motion to Remand be granted.

The undersigned further finds that an award of attorneys' fees is not warranted as Defendants had an objectively reasonable basis for seeking removal.

Accordingly,

5

**IT IS HEREBY RECOMMENDED** to Senior District Court Judge Joseph Bataillon that Plaintiff's Motion to Remand (filing 19) be granted.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED September 24, 2015.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**