IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE NEBRASKA METHODIST HOSPITAL, a Nebraska non-profit corporation; JENNIE EDMUNDSON MEMORIAL HOSPITAL, an Iowa non-profit corporation; MARY LANNING MEMORIAL HOSPITAL ASSOCIATION, a Nebraska non-profit corporation; NORTH PLATTE, NEBRASKA HOSPITAL ASSOCIATION, a Nebraska non-profit corporation; CHASE COUNTY COMMUNITY HOSPITAL, a Nebraska county hospital; FREMONT HEALTH, a Nebraska county hospital; and COLUMBUS COMMUNITY HOSPITAL, a Nebraska non-profit corporation;<br><br>   Plaintiffs,<br><br>  vs.<br><br>STATE LAW ENFORCEMENT BARGAINING COUNCIL EMPLOYEE HEALTH AND DENTAL BENEFIT PLAN; AMERICAN GAMES, INC. EMPLOYEE BENEFIT PLAN; GOODRICH DAIRY, INC. MEDICAL BENEFIT PLAN; RHODEN AUTO CENTER, INC. HEALTH CARE PLAN; THERMO KING CHRISTENSEN EMPLOYEE MEDICAL PLAN; THE BENEFIT GROUP, INC., a Nebraska corporation; and ADVANCED MEDICAL PRICING SOLUTIONS, INC., a foreign corporation;<br><br>   Defendants. | 8:15CV216<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on plaintiffs' motion to remand, Filing No. 19, and defendants' objection to the magistrate judge's findings and recommendation, Filing No. 30. Plaintiff initially filed this action in the District Court of Douglas County, Nebraska. Defendants, thereafter, filed a removal action pursuant to 28 U.S.C. § 1446(b), alleging this case arises out of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1001-1461. The magistrate judge reviewed the motion and recommended

that this Court grant the motion to remand, as this case does not involve ERISA, Filing No. 29. Pursuant to 28 U.S.C. § 636, this Court will review the recommendation and findings of the magistrate judge de novo.

**BACKGROUND**

The plaintiffs include a number of hospitals who sued the defendants contending that they entered into a contract with the defendants. In these contracts, the parties contractually agreed upon rates for the participants for particular goods and services rendered by the hospitals. Filing No. 1-1, First Amended Complaint. The plaintiff hospitals are all contracted providers in the Midlands Choice PPO Network. Each benefit plan has executed a contract with Midlands Choice which provides for the contracted rate of payment for these goods and services. In each of the 44 participant claims at issue in this lawsuit, the Hospital submitted claims pursuant to the contracted rate, and in each case they received a substantially lower payment and rate. See First Amended Complaint, Filing No. 1-1. Plaintiffs sued for breach of contract for failure to provide payment in accordance with the contractually agreed upon contract rate, unjust enrichment, tortious interference with contract, a declaratory judgment and civil conspiracy. Further, this case involves a pre-filing settlement agreement that plaintiffs contend defendants breached.

Defendants argue that the claims are completely pre-empted under ERISA, as the case concerns entitlement to benefits and interpretation of certain plan documents.

The magistrate judge reviewed the motion and recommended that this case be remanded. The magistrate judge determined that (1) the case concerns separate breach of contract and tort claims, between the plaintiffs, Midland Choice and the Plans.

The magistrate judge followed the rationale set forth by Judge Laurie Smith Camp in a very similar case, *Creighton Saint Joseph Regional Healthcare, LLC v. Simmonds Restaurant Management, Inc.*, 2009 WL 5103118 (D. Neb. December 16, 2009) (holding that ERISA does not preempt such claims, as the Hospitals do not have standing to obtain relief under ERISA, and the Hospital's claims are supported by separate legal duties, independent of those arising out of ERISA). In reaching her decision, Judge Smith Camp relied upon cases from the Ninth Circuit Court of Appeals and the Third Circuit Court of Appeals which had each addressed the issue. *See Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 402 (3rd Cir. 2004) (finding that a hospital's breach of contract claim against a health benefit plan was not completely pre-empted by ERISA because the hospital's right to recovery depended "entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself"); *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1050-51 (9th Cir. 1999) (affirming the district court's decision to remand the case to state court, stating that "the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans . . . The dispute here is not over the right to payment . . . , but the amount, or level, of payment, which depends on the terms of the provider agreements").

**DISCUSSION**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing the facts

3

necessary to show that federal jurisdiction exists by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Any ambiguity with regard to removal is construed against removal. *In re Prempro*, 591 F.3d at 620. Indeed, the removal statute should be strictly construed in favor of remand. *Sw. Louisiana Hosp. Ass'n v. Connecticut Gen. Life Ins. Co.*, 2012 WL 2499485, at *3 (W.D. La. June 27, 2012) (relying on *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

The Court agrees with the findings and recommendation of the magistrate judge. Plaintiffs' claims are clearly based on enforcement of their rights under separate contracts, not requiring interpretation of any ERISA documents. The First Amended Complaint does not make allegations regarding improper denial of claims. On the contrary, the entire dispute relates to the amount of payment, under a separate and distinct agreement, but not the right to payment. The claims of the hospitals depend on defendants' legal obligations to the hospitals, and not to their plan participants. The Court finds the claims do not require an interpretation of any of the benefit plan provisions. As a consequence, the Court concludes that this is not a pre-empted ERISA case, but is in fact one of a separate contractual nature. Accordingly, the Court will remand the case, as it lacks subject matter jurisdiction over the same.

**ATTORNEY FEES**

When a case is remanded for lack of jurisdiction under 28 U.S.C. § 1447(c), the statute permits an award of costs and actual expenses, including attorney fees, incurred as a result of the removal. Such an award is appropriate when the removing party lacked an objectively reasonable basis for seeking removal. *Creighton*, 2009 WL

5103118 at *4. See *Martin v. Franklin Capital Corp.*, 546 U.S. 132, (2005). Although this is a close case, the Court will not award fees and costs in this case. Defendants argue that the plan documents were necessary to a resolution of this case. Although the argument is without merit, the Court does not believe that it is so far removed as to impose sanctions.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiffs' motion to remand, Filing No. 19, is granted.

2. The findings and recommendation of the magistrate judge, Filing No. 29, is adopted in its entirety.

3. Defendants' objection to the findings and recommendation of the magistrate judge, Filing No. 30, is overruled.

4. This case is remanded in its entirety to the Douglas County District Court, for the State of Nebraska. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.

Dated this 7th day of December, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge